IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMES JUNIOR LASTER,
Appellant,

v. Civil Action No. 3:25CV883 (RCY)

FEDERAL HOME LOAN MORTGAGE CORPORATION (FREDDIE MAC), *et al.*,
Appellees.

**MEMORANDUM OPINION**

*Pro se* Appellant James Junior Laster brings this appeal from the United States Bankruptcy Court for the Eastern District of Virginia, based on (1) the Bankruptcy Court's dismissal of his claims in Adversary Proceeding No. 25-3018, and (2) the Bankruptcy Court's subsequent amendment of its dismissal Order to add that certain claims were dismissed "without prejudice" and that a single claim was dismissed "with prejudice." For the reasons that follow, the Court DENIES Appellant's various pending motions and AFFIRMS the decisions of the Bankruptcy Court.

## I. BACKGROUND

The underlying bankruptcy, Case No. 25-31340-BFK, was initiated on April 5, 2025, as a Chapter 7 Voluntary Petition filed by counsel on behalf of Appellant. Bankr. Dkt. No. 1. On May 16, 2025, Appellant initiated Adversary Proceeding No. 25-3018-BFK, filing a *pro se* Complaint against Appellant Federal Home Loan Mortgage Corporation ("Freddie Mac" or "Appellant") asserting various causes of action related to Appellant's foreclosure on Appellee's residence notwithstanding Appellee's filing of his Chapter 7 Petition. Bankr. Dkt. No. 31; Adv. Proc. Dkt. No. 1.

On May 19, 2025, Counsel for Appellant filed a Consent Motion to Withdraw in the underlying Bankruptcy Case, which was granted, and Appellant thereafter proceeded *pro se* in both the Bankruptcy Case and the Adversary Proceeding. Bankr. Dkt. Nos. 25, 33, 36; Adv. Proc. Dkt. No. 1.

On August 27, 2025, Bankruptcy Judge Brian F. Kenney conducted a hearing in the underlying Bankruptcy Case, at which time he dismissed the case based on Appellant's failure to attend the necessary meeting of creditors, as required by 11 U.S.C. § 341(a). Bankr. Dkt. No. 100. Judge Kenney memorialized this dismissal in a subsequent Order, issued on September 3, 2025. Bankr. Dkt. No. 106. That same day, Judge Kenney issued a Show Cause Order in the Adversary Proceeding, directing Appellant to show cause why the Adversary Proceeding should not be dismissed in light of the dismissal of the underlying Bankruptcy Case. Adv. Proc. Dkt. No. 30.

Judge Kenney conducted a hearing on the Show Cause Order on October 8, 2025. Adv. Proc. Dkt. Nos. 56, 60. At the conclusion of the hearing, he dismissed the Adversary Proceeding. *Id.* Judge Kenney memorialized this dismissal in an Order issued on October 21, 2025. Adv. Proc. Dkt. No. 64. On October 22, 2025, Appellant filed a Motion to Reconsider Dismissal of Adversary Proceeding. Adv. Proc. Dkt. No. 67. The next day, October 23, 2025, Judge Kenney issued an Amended Order Dismissing Adversary Proceeding. Adv. Proc. Dkt. No. 69. Therein, he added language specifying that certain counts of Appellant's Adversary Proceeding Complaint were dismissed *without prejudice*, and that Count III was being dismissed *with prejudice*. *Id.* Appellant thereafter filed a Motion to Vacate Amended Order and Reinstate Original Order, Adv. Proc. Dkt. No. 70, and then appealed both the original Order Dismissing Adversary Proceeding and the Amended Order, raising four grounds for error, *see* Adv. Proc. Dkt. No. 71; Not. Appeal 2, 5–10, ECF No. 1. On October 28, 2025, Judge Kenney denied both Appellant's Motion to Reconsider

and his Motion to Vacate, Adv. Proc. Dkt. Nos. 77, 78, rendering the Notice of Appeal effective, *see* Fed. R. Bankr. P. 8002(b)(2) ("If a party files a notice of appeal after the court announces or enters a judgment, order, or decree—but before it disposes of any motion [for reconsideration or motion to vacate[1]]—the notice becomes effective when the order disposing of the last such remaining motion is entered.").

Since noticing his appeal, Appellant has also filed various motions with this Court: a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"), ECF No. 4; an Emergency Motion to Stay Proceedings Pending Appeal ("Motion to Stay"), ECF No. 5; a Motion for Extension of Time to File Opening Brief Pending Resolution of Emergency Stay Motion ("Motion for Extension"), ECF No. 7; and a Motion to Consolidate Related Appeals ("Motion to Consolidate"), ECF No. 13. Appellee Freddie Mac has filed Responses to the Emergency Motion to Stay and Motion to Consolidate. ECF Nos. 11, 16. The appeal has not proceeded further.

## II. LEGAL STANDARD

Federal district courts are empowered to hear appeals "from final judgments, orders, and decrees" issued by the bankruptcy court. 28 U.S.C. § 158(a)(1). When considering an appeal from the bankruptcy court, the district court reviews the bankruptcy court's factual findings for clear error and its legal conclusions *de novo*. *Shin v. Lee*, 550 F. Supp. 3d 313, 318 (E.D. Va. 2021) (citing *In re Taneja*, 743 F.3d 423, 429 (4th Cir. 2014)). Mixed questions of law and fact are also reviewed *de novo*. *Id.* (citing *In re J.A. Jones, Inc.*, 492 F.3d 242, 249 (4th Cir. 2007)). According to the Supreme Court, "a finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a

[1] Motions for reconsideration or motions to vacate fall under Bankruptcy Rules 9023 and 9024, respectively, and thus are within the contemplation of Rule 8002(b)(2).

mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (internal brackets and quotation marks omitted).

## III. ANALYSIS

The Court disposes of Appellant's pending Motions before moving to the substance of this appeal.

### A. Motions

First, the IFP Motion, ECF No. 4, will be denied as moot. Two days before Appellant filed the IFP Motion with this Court, he paid the Appeal Docketing Fee, receipt of which is reflected in the Adversary Proceeding docket. Adv. Proc. Dkt. No. 82. Thus, there is no need for a fee waiver, and the Motion will be accordingly denied.

Next, Appellant's erstwhile Emergency Motion for Stay, ECF No. 5, was similarly already moot by the time it was filed on November 5, 2025.[2] In this Motion, Appellant asked the Court to stay a *different* Adversary Proceeding, No. 25-3039-KLP, not the Adversary Proceeding giving rise to the instant appeal, No. 25-3018-BFK, claiming that the issues raised in the present appeal bore critical impact on that new Adversary Proceeding. *See generally* Em. Mot. Stay; Mem. Supp. Em. Mot., ECF No. 6. Fatally, however, Adversary Proceeding No. 25-3039-KLP was dismissed on October 24, 2025, over a week before Appellant filed his Emergency Motion to Stay. Thus, there was no proceeding *to* stay, rendering this Motion moot. *See Simpson v. Hoover*, No. 3:17-cv-00768-JAG-RCY, 2018 WL 3040017, at *2 (E.D. Va. June 19, 2018) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." (quoting

[2] Hence the Court's lack of urgency in addressing the "Emergency" issues raised therein.

*Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983))). The Emergency Motion to Stay will accordingly be denied.[3]

Appellant's Motion to Consolidate is also, albeit more recently, subject to denial on mootness grounds. Specifically, Appellant sought to consolidate the present appeal with that in Case No. 3:25-CV-950-RCY. *See* Mot. Consolidate 1, ECF No. 13. That appeal was adjudicated on September 23, 2026,[4] and has since been closed. Accordingly, there is no pending proceeding appropriate for consolidation, and the Motion will be denied.

Finally, the Court will deny Appellant's Motion for Extension of Time to File Opening Brief, ECF No. 7. Appellant rested his request on the pending Emergency Stay Motion, which he represented would "materially affect the scope, timing, and necessity of merits briefing." Mot. Ext'n 2. But as previously described, the Emergency Motion for Stay was moot before it was ever filed, and otherwise lacking in merit. Appellant's reliance on his efforts dedicated to that unsuccessful campaign as sufficient to preempt his briefing obligations is misplaced. Further, the Court does not assign much weight to Appellant's alternative ground for requesting an extension, to wit: enabling him to pursue litigation funding and/or "retain experienced appellate counsel." *Id.* at 2–3. In all the time that this Motion has been pending, counsel has appeared on behalf of Appellant, undermining the sincerity of such search efforts. And finally, Appellant justifies the need for an extension on the "complexity of the record," purportedly involving four different bankruptcy proceedings, related state court proceedings, and "extensive exhibits." *Id.* at 5; *see*

[3] Even had mootness not stood in the way of this Motion, it would fail on procedural grounds. As Appellee points out, the proper avenue to pursue this sort of relief is to seek a stay from the Bankruptcy Court in the first instance. Appellee Resp. Opp'n Mot. Stay 5, ECF No. 11 (citing Fed. R. Bankr. P. 8007). Alternatively, to preserve the dismissed Adversary Proceeding, Appellant could have appealed *that* dismissal—but he did not.

[4] In so doing, the Court rejected an identical Motion to Consolidate, finding that the issues on appeal were discrete and thus that consolidation would not aid in the disposition of the pending appeals. *See* Mem. Op. at 3, Case No. 3:25-CV-950-RCY, ECF No. 8.

*also* Appellant's Comprehensive Designation of Record on Appeal ("Appellant R. Designation"), ECF No. 8. Those records are inapposite to the issues before the Court on this appeal: whether the Bankruptcy Court erred in dismissing Adversary Proceeding No. 25-3018, *see* Not. Appeal 2 (Issues 1 and 4) and whether the Bankruptcy Court erred in issuing the Amended Order Dismissing Adversary Proceeding, *id.* (Issues 2, 3[5]). None of the prior or tangential court proceedings—whether before the Bankruptcy Court or a state court—bear on these issues. Accordingly, the Court finds no grounds for an extension to compile unnecessary documentation and argument, and so will deny Appellant's Motion for Extension to File Opening Brief.

**B. Substance of Appeal**

Having thus disposed of the pending Motions, the Court finds the record sufficiently developed—notwithstanding the absence of formal briefs from Appellant and Appellees[6]—to adjudicate the issues raised in the Notice of Appeal. Specifically, the Court has before it the Notice of Appeal itself, ECF No. 1, in which Appellant provided legal argument in support of his assignments of error, the briefing on Appellant's Emergency Motion to Stay, which addressed the

---

[5] Issue 3 more specifically requests an advisory ruling relating to the *res judicata* effect of the Amended Order, Not. Appeal 2, ECF No. 1, but since issuance of such an advisory ruling would be improper, *see Flast v. Cohen*, 392 U.S. 83, 96 (1968) ("[T]he oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions." (quoting C. Wright, Federal Courts 34 (1963)), the Court instead interprets this as simply another challenge to the issuance of the Amended Order.

[6] Appellant, apparently relying on the filing of his Motion for Extension as sufficient to toll his obligation to file an opening brief, has not done so, and the deadline to do so has passed. And, as a natural consequence of Appellant not filing his opening brief, Appellees have filed no brief in response.

Despite the fact that the simple filing of a motion for extension does not in and of itself relieve a party of its briefing obligations until the motion is adjudicated, *see* Fed. R. Bankr. P. 8018(a)(1) ("Unless the district court . . . by order in a particular case excuses the filing of briefs or sets a different time, . . . [t]he appellant must serve and file a brief within 30 days after the docketing of notice that the record has been sent or that it is available electronically."), out of deference to Appellant's *pro se* status, the Court does not penalize Appellant for his assumption by dismissing the appeal purely on the basis of this procedural failing, *see* Fed. R. Bankr. P. 8018(a)(4) ("Consequence of Failure to File. If an appellant fails to file a brief on time or within an extended time authorized under (a)(3), the district court . . . may—on its own after notice or on the appellee's motion—dismiss the appeal."). But neither will the Court now order additional or belated briefing. Instead, for the reasons articulated herein, the Court finds the record sufficiently developed and the issues sufficiently briefed.

merits of Appellant's assignments of error, *see* Em. Mot. Stay, ECF No. 5; Mem. Supp. Mot. Stay, ECF No. 6; Appellee's Opp'n Mot. Stay, ECF No. 11, and the full record from the Adversary Proceeding, including the transcript of the October 8, 2025 hearing where Bankruptcy Judge Kenney ruled to dismiss the Adversary Proceeding, *see* Adv. Proc. Dkt. No. 60, and the exhibits Appellees presented at the October 8, 2025 hearing, *see* Bankr. R. Transmittal, ECF No. 10-2. Accordingly, the Court is properly positioned to render a decision on the merits of this appeal.

Appellant's "Statement of Issues Presented for Review" identifies four challenges to the Bankruptcy Court's dismissal of his Adversary Proceeding and subsequent amendment of the dismissal Order. These are:

Issue 1: "Whether the bankruptcy court erred by refusing to enter default and default judgment against Defendants who failed to respond . . . and by dismissing Plaintiff's case instead . . . ."

Issue 2: "Whether the bankruptcy court violated Fed. R. Civ. P. 59(e), Fed R. Bankr. P. 9023, and the Due Process Clause by amending its October 21, 2025 Order to add "with prejudice" on October 23, 2025 . . . ."

Issue 3: "Whether the October 23 amendment can support res judicata to bar Appellant's new adversary [proceeding] filed October 22, 2025, when res judicata requires a final judgment . . . and the October 21 Order dismissed Count III without "with prejudice[.]"

Issue 4: "Whether the bankruptcy court erred in dismissing County III, which sought a declaration that the April 7, 2025 foreclosure—conducted two days after Appellant's April 5, 2025 bankruptcy filing—was void under *Kalb v. Feuerstein*, 308 U.S. 433 (1940), when no relief from the automatic stay was granted and binding Supreme Court precedent holds such foreclosures to be void *ab initio*."

Not. Appeal 2 (cleaned up). As previewed above, the Court boils these down to two challenges: (1) whether the Bankruptcy Court erred in dismissing Adversary Proceeding No. 25-3018 (Issues 1 and 4); and (2) whether the Bankruptcy Court erred in issuing the Amended Order Dismissing Adversary Proceeding (Issues 2 and 3). Neither line of challenge prevails.

1. Dismissal of the Adversary Proceeding Was Proper

To begin with, the Court finds no error in the Bankruptcy Court's decision to dismiss the bulk of the Adversary Proceeding, in lieu of proceeding to adjudicate the underlying issues and/or Appellant's requests for default and default judgment, after the underlying bankruptcy case was terminated. "[T]he general rule [is] that related proceedings ordinarily should be dismissed" after termination of the underlying proceeding, because "a bankruptcy court's jurisdiction over such related proceedings depends on the proceedings' nexus to the underlying bankruptcy case." *In re Porges*, 44 F.3d 159, 162 (2d Cir. 1995) (citing *In re Querner*, 7 F.3d 1199, 1201–02 (5th Cir. 1993); *In re Morris*, 950 F.2d 1531, 1533 (11th Cir. 1992); *In re Smith*, 866 F.2d 576, 580 (3d Cir. 1989)). This is so because the Adversary Proceeding would have no conceivable effect on the estate once the underlying bankruptcy case was dismissed. Thus, the Bankruptcy Court was well within its discretion to dismiss the pendant Adversary Proceeding. *Id*. at 162 ("The decision whether to retain jurisdiction should be left to the sound discretion of the bankruptcy court . . . ."); *accord In re Dircks*, 329 B.R. 687, 692 (Bankr. C.D. Ill. 2005); *In re Schwarzwalder*, 242 B.R. 734 (Bankr. M.D. Fla. 1999); *In re Conway*, 1994 Bankr. LEXIS 998, 1994 WL 617253 (Bankr. E.D. Cal. 1994)). This Court accordingly affirms the without-prejudice dismissal of Counts I, II, IV, V, VI, and VII of the Adversary Proceeding.[7]

It was also an appropriate exercise of discretion for the Bankruptcy Court to conversely retain jurisdiction over the automatic-stay-violation claim raised in Count III and to adjudicate that

---

[7] In so holding, the Court necessarily rejects Appellant's argument that the Bankruptcy Court's failure to enter default against Appellees was reversible error, in part because the case upon which Appellant relies for the proposition appears to be a "hallucinated" legal cite. The Court declines to engage with the arguments further, having independently determined that the Bankruptcy Court properly exercised its discretion to pursue the generally applicable rule that related proceedings should be dismissed following termination of the underlying bankruptcy case. *See Malbon v. Penn. Millers Mut. Ins. Co*., 636 F.2d 936, 939 n.8 (4th Cir. 1980) (explaining that it is not "absolutely necessary" that a court specifically recite and discuss each argument advanced by the parties).

claim on the merits, given that this issue did implicate the "core" proceeding of the underlying Bankruptcy Case and the automatic stay provision of the Bankruptcy Code. *See In re Guild and Gallery Plus, Inc.*, 72 F.3d 1171, 1178 (3d Cir. 1996) (A proceeding is core if "it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."). And, with respect to such adjudication, the Court finds no error in the Bankruptcy Court's ultimate determination that no violation of the automatic stay occurred. Having reviewed the transcript of the October 8, 2025 hearing and the underpinning exhibits designated as part of the record on appeal by Appellee, *see* ECF No. 10-2 at 26–79, it is apparent that the Bankruptcy Court made no clear error in its factual findings that (1) title to the subject property was divested from Appellant as of August 21, 2024, "well in advance of the [Chapter 7] petition date in [the underlying bankruptcy] case of April 5, 2025,"[8] Oct. 8 Tr. 90:18–23, Adv. Proc. Dkt. No. 60; (2) "Freddie Mac then filed an unlawful detainer action in December of 2024 and indeed obtained a judgment for possession . . . [which] was rendered on January 9 of 2025, again, three months in advance of the petition here," *id.* at 90:24–91:4; (3) "[i]n May of 2025, Freddie Mac deeded the property to Mr. Gundara *id*. at 91:6–11; (4) "the unlawful detainer filed by Mr. Gundara [against Appellant] . . . was filed post-petition," insofar as the bankruptcy case stemming from Appellant's Petition was dismissed on September 3, 2025, and this detainer was not issued until September 25, 2025, *id.* at 91:16–23; and (5) "the affiliated business arrangement disclosure statement from Radian Real Estate Management dated April 18 of 2025 . . . is not coercive in any way. It doesn't call for payment[;] . . . require the payment of a debt[;]

[8] Notably, this fact directly rebuts Appellant's claim—unsupported by any evidence, *see* Appellee Opp'n Mot. Stay 10—that foreclosure occurred on April 7, 2025, two days after he filed the underlying Petition.

. . . demand the payment of a debt[;] . . . [or] threaten any legal action. . . . It's simply a notice to the purchaser that Radian has certain affiliated business arrangements," *id.* at 91:25–92:9.

From these factual findings, the Court further finds no error in the Bankruptcy Court's resulting legal conclusions that (1) "the deed of May 2025 did not violate the automatic stay," given that at that point, the property was legally owned by Freddie Mac and "it's not a violation of the automatic stay for Freddie Mac to convey its own property," *id.* at 91:10–16; (2) the September 25, 2025 Gundara detainer did not divest Appellant of possession of the property during the pendency of the Chapter 7 petition and thus did not violate the automatic stay, *id.* at 91:15–92:24; and (3) the April 18 Radian disclosure statement "is simply not a violation of the automatic stay," *id.* at 91:25–92:4. The Bankruptcy Court properly determined that none of these activities violated the provisions of 11 U.S.C. § 362(a).[9] Accordingly, the Bankruptcy Court did not err in determining that Appellant's interest in the property was limited to possessory interest, i.e., the

---

[9] Prohibiting:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (2) the *enforcement*, *against the debtor* or against property of the estate, *of a judgment* obtained before the commencement of the case under this title;
>
> (3) any act to obtain possession of *property of the estate* or of property from the estate or to exercise control over property of the estate;
>
> (4) any act to create, perfect, or enforce any lien against property of the estate;
>
> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and
>
> (8) the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

11 U.S.C. § 362(a) (emphases added).

property did not constitute property of the estate, that this possessory interest was not damaged by Appellees' acts, and thus that dismissal of Count III was appropriate. Oct. 8 Tr. 92:11–94:15.

The Court will accordingly AFFIRM the Bankruptcy Court's dismissal of the Adversary Proceeding.

2. The Bankruptcy Court's Clerical Amendment of the Dismissal Order Was Not Improper

Appellant strenuously objects to the Bankruptcy Court's amendment of its Dismissal Order, asserting that the change to add "without prejudice" and "with prejudice" qualifiers constituted a substantive amendment subject to the requirements of Federal Bankruptcy Rule of Procedure 9023 and Federal Rule of Civil Procedure 59(e). Appellant is simply incorrect, misreading both the Federal Rules and the caselaw upon which he relies.

Critically, the plain language of Federal Rule of Civil Procedure 41(b)—incorporated under Federal Rule of Bankruptcy Procedure 7041—provides that:

> *Unless the court in its order for dismissal otherwise specifies*, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b) (emphasis added). Thus, even though the original Dismissal Order, Adv. Proc. Dkt. No. 64, was silent as to whether the dismissal of any count was with or without prejudice, because the Bankruptcy Court premised its dismissal of Counts I, II, IV, V, VI, and VII on its lack of jurisdiction following the dismissal of the underlying bankruptcy case, this aspect was—per Rule 41(b)—necessarily *without prejudice*. And the Bankruptcy Court made as much plain, in the October 8 hearing. Oct. 8 Tr. 19:24–20:15. Conversely, because the Bankruptcy Court adjudicated Count III on its merits and did not dismiss this count for lack of jurisdiction, improper venue, or failure to join a party, its dismissal—per Rule 41(b)—was necessarily *with* prejudice, even without any language saying so. *See Shoup v. Bell & Howell Co.*, 872 F. 2d 1178,

1180 (4th Cir. 1989) (ruling that a dismissal based upon a ground not enumerated in the rule was an adjudication on the merits because the district court "did not otherwise specify the dismissal to be 'without prejudice,' and the [plaintiffs] failed to move the court . . . to specify that the judgment was 'without prejudice'"); *see also Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 503 (2001) ("Rule 41(b) sets forth nothing more than a default rule for determining the import of a dismissal (a dismissal is 'upon the merits,' with the three stated exceptions, unless the court 'otherwise specifies')." ).[10]

Based on this well-settled understanding of Rule 41(b), the Bankruptcy Court's amendment of its Dismissal Order was clearly a clerical correction falling within the ambit of Federal Rule of Civil Procedure 60(a), not a substantive amendment changing the nature of the dismissals subject to the strictures of Rule 59(e). The Court thus finds no error in the issuance of the Amended Order, and will accordingly AFFIRM the Bankruptcy Court with respect to the same.

## IV. CONCLUSION

For the reasons set forth above, the Court will deny all pending Motions and AFFIRM the challenged Orders, in full.

An appropriate Order will follow.

/s/ RCY
Roderick C. Young
United States District Judge

Date: September 25, 2026
Richmond, Virginia

[10] As this quote from *Semtek Int'l Inc.* demonstrates, Appellant's reliance on this case to support his position that "without 'with prejudice'" means *without* prejudice, *see* Not. Appeal 2 (Issue 3), is misplaced.